No JS6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>CURBSTAND, INC., a California corporation; EDGARDO DE LOS SANTOS MACIAS, an individual, SHAD WHITTEN, an individual,<br><br>Defendants. | Case No. 2:22-cv-06281-RGK<br><br>**[PROPOSED] ORDER DISMISSING COMPLAINT AGAINST SHAD WHITTEN WITHOUT PREJUDICE, AND AGREEMENT TO BE BOUND BY JUDGMENT** |

Having considered the stipulation of counsel for plaintiff JAMES RIVER INSURANCE COMPANY ("JAMES RIVER") and defendant SHAD WHITTEN ("WHITTEN"), and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED as follows:

1. The Complaint, and each and every Claim for Relief stated therein, is hereby DISMISSED without prejudice only as to defendant WHITTEN, subject to all of the conditions set forth in this Order.

2. WHITTEN shall cooperate with the pending litigation by making himself available for deposition and trial testimony without the need for subpoena upon reasonable notice made by mail to WHITTEN via his attorney of record, Michael P. O'Connor, Esq., Thon Beck Vanni Callahan & Powell, a PC, 140 S. Lake Ave., Suite 208, Pasadena, CA 91101-4904, pursuant to the Federal Rules of Civil Procedure as if he were still a party.

3. WHITTEN shall be subject to service by JAMES RIVER of any discovery subpoena pursuant to Fed.R.Civ.P. 45 through his counsel of record via United States Mail and waives personal service of the same as to JAMES RIVER only. By agreeing to service in this manner, WHITTEN does not waive any objections he may have as to any such subpoena, including objections based on the attorney-client privilege, work product doctrine, trade secret, proprietary business information, privacy, right or any other objection made in good faith. During the pendency of this Action, WHITTEN remains subject to the jurisdiction of this Court, for purposes of service of a subpoena or a Notice to Appear at Trial via United States Mail to his counsel as stated in this Order.

4. WHITTEN may, at his option, agree to participate in settlement discussions before a Magistrate Judge or other settlement officer duly appointed by the above-entitled Court upon reasonable notice as set forth above, as if he were a party to this Action.

5. WHITTEN has acknowledged and waived any rights under California Code of Civil Procedure Section 1989 or its equivalent under the Federal Rules of Civil Procedure and will appear at trial in the pending litigation on notice via United States Mail to his counsel as set forth above as if he were still a party regardless of his residence at the time of service.

6. Notwithstanding dismissal of the within action against WHITTEN without prejudice, WHITTEN shall be bound by any judgment

ultimately rendered against CURBSTAND or MACIAS or any other person or entity named as a defendant in the within action as though he were still a party to this Action. To that end, at WHITTEN's request, the Court retains jurisdiction over WHITTEN for that limited purpose.

7. JAMES RIVER and WHITTEN shall each bear its/his own costs and attorney fees as respects WHITTEN and this action.

8. This Order may be the basis for an instruction to the trier or findings by the Court, but only in a manner not inconsistent with its stated terms.

DATED: January 3, 2023

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE