JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>CURBSTAND, INC., a California corporation; EDGARDO DE LOS SANTOS MACIAS, an individual, SHAD WHITTEN, an individual,<br><br>Defendants. | Case No. 2:22-cv-06281-RGK<br><br>**JUDGMENT** |

Having considered the stipulation of plaintiff James River Insurance Company ("JAMES RIVER") and defendants CURBSTAND, INC. ("CURBSTAND") and EDGARDO DE LOS SANTOS MACIAS ("MACIAS") (collectively, CURBSTAND and MACIAS are referred to herein as the "CURBSTAND PARTIES") as well as the January 3, 2023 Order dismissing defendant Shad Whitten ("WHITTEN") from the within action contingent on WHITTEN's agreement to be bound by any judgment that may be entered against the CURBSTAND PARTIES [ECF 27], and

1    **WHEREAS** on September 2, 2022 plaintiff JAMES RIVER filed its
2    Complaint for Declaratory Relief [ECF 1] in this matter; and
3    **WHEREAS** the CURBSTAND PARTIES have considered the
4    coverage position taken by JAMES RIVER and have agreed that JAMES
5    RIVER may have judgment in its favor in the within action in exchange for
6    a waiver of JAMES RIVER's right to reimbursement for attorney's fees and
7    costs incurred in defense of a lawsuit styled *Shad Whitten v. Curbstand,*
8    *Inc. et al.,* Los Angeles County Superior Court Case No. 21STCV46323
9    (the "*Whitten* Action") and other good and valuable consideration; and
10    **WHEREAS** JAMES RIVER's waiver of the right to reimbursement is
11    contingent upon the CURBSTAND PARTIES' assumption of the defense
12    of the *Whitten* Action; and
13    **WHEREAS** as part of the resolution of this mater, the CURBSTAND
14    PARTIES expressly waive the right to appeal any Judgment entered
15    pursuant to this Stipulation; and
16    **WHEREAS** on December 29, 2022 JAMES RIVER and defendant
17    WHITTEN filed a Stipulation and Order [ECF 25] whereby JAMES RIVER
18    agreed to dismiss WHITTEN from the within action without prejudice in
19    exchange for an agreement by WHITTEN to be bound by any judgment
20    that may be entered against the CURBSTAND PARTIES; and
21    **WHEREAS** on January 3, 2023, the Court issued an Order
22    dismissing WHITTEN from the within action contingent on WHITTEN's
23    agreement to be bound by any judgment that may be entered against the
24    CURBSTAND PARTIES [ECF 27]
25    **IT IS HEREBY ADJUDGED AND DECREED** as follows:
26    1.    JAMES RIVER shall have judgment on the First, Second,
27    Third, and Fourth Claim for Relief in the Complaint against the
28    CURBSTAND PARTIES, to the effect that JAMES RIVER never had a

duty to defend the *Whitten* Action and never had a duty to indemnify the CURBSTAND PARTIES for the claims alleged in the *Whitten* Action; and

  2. The Sixth Claim for Relief for Reimbursement of the Complaint is dismissed with prejudice as to all defendants in consideration of the CURBSTAND PARTIES assumption of their own defense in the *Whitten* Action; and

  3. Pursuant to the Court's January 3, 2023 Order, JAMES RIVER shall have Judgment against WHITTEN as to the Fifth Claim for Relief; and

  5. Neither the CURBSTAND PARTIES nor WHITTEN shall take anything by way of this Judgment; and

  6. Each of the Parties expressly has waived any contention that it is entitled to recover any attorney's fees or costs from the other, whether as a "prevailing party" or otherwise. Accordingly, each of the Parties shall bear its / his own attorney's fees and costs.

Dated: January 30, 2023

           */s/ Gary Klausner*
           _____
           UNITED STATES DISTRICT JUDGE